UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TEVAUGHN DARLING, | ) | CASE NO. 1:18CV1743 |
| | ) | |
| Petitioner, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| AL LAZAROFF, Warden, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court on Petitioner Tevaughn Darling's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1). For the foregoing reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and **DENIES** the Petition for lack of subject matter jurisdiction.

## FACTS

The following provides the relevant overview for this Order. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed discussion.

Petitioner is serving an aggregate prison sentence of fourteen years for his conviction stemming from a drug trafficking conspiracy. After various appeals in the Ohio court system, Petitioner, represented by counsel, filed his Petition for habeas relief on July 2, 2018. He asserts one Ground for Relief:

> **GROUND ONE:** Sixth Amendment. Petitioner was denied his right to counsel of choice where the office of the prosecuting attorney interfered with this right and required that Petitioner be represented by a court-appointed counsel.

(Doc. 1, PageID: 5).

On August 8, 2018, the Court referred the Petition to Magistrate Judge Thomas M. Parker for a Report and Recommendation. (Doc. 3). On October 5, 2018, Respondent filed his Return of Writ. (Doc. 6). Petitioner filed his Traverse shortly thereafter. (Doc. 7). On February 19, 2020, the Magistrate Judge issued his Report and Recommendation, in which he recommended dismissing the sole Ground for Relief for lack of subject matter jurisdiction and deny the Petition. (Doc. 8). After receiving an extension, Petitioner filed his Objection, in which he largely regurgitated his Traverse filed before the Magistrate Judge. (Doc. 11).

## LAW & ANALYSIS

The rules governing objections to report and recommendations require parties to *specifically* object to the problematic aspects of the report and recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2) & (b)(3); LR 72.3(b). A party's failure to do so could result in the loss of appellate rights. *Andres v. Comm'r of Soc. Sec.*, 733 Fed. App'x 241, 244 (6th Cir. Apr. 30, 2018). And overly general objections do not satisfy the specific-objection requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Neither does the regurgitation of the same merit brief before the magistrate judge constitute a sufficient objection. *Andres*, 733 Fed. App'x at 243.

Yet that is exactly what Petitioner did here. In his five-page Objection to the Magistrate Judge's Report and Recommendation, Petitioner adds just four new paragraphs. The remainder is a copy and paste of his argument before the Magistrate Judge. (Compare Petitioner's Traverse, Doc. 7, with his Objection, Doc. 11).

The four 'new' paragraphs offer little substance:

- The first is a one-sentence introduction;
- The second offers a general objection to "each and every finding made by the Magistrate Judge and requests that this court conduct a de novo review of the entire record;"
- The third briefly summarizes the Magistrate Judge's Report and Recommendation; and
- The fourth again provides Petitioner's general view of his case with no specific attacks on the Report and Recommendation.
- The remaining four pages contain the exact same paragraphs as Petitioner's Traverse, grammatical errors and all.

Petitioner's Objection is improper under the Rules. Without a proper objection, the Court is directionless on how to resolve the Petition. And a de novo review of the entire record (which is what Petitioner would like) is a waste of judicial resources.

## CONCLUSION

Because Petitioner has not provided a proper Objection under the Rules, the Court disregards his Objection (Doc. 11); **ADOPTS** the Report and Recommendation (Doc. 8); **DISMISSES** Ground One for lack of subject matter jurisdiction; and **DENIES** the Petition (Doc. 1).

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

    s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: July 9, 2021**